UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JILL ORLANDO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-CV-136-SPM ) |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Application for Award of Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 32). On February 7, 2022, this Court entered final judgment reversing and remanding this case to the Commissioner of Social Security for further action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 31). Plaintiff is therefore the prevailing party and is entitled to attorney's fees under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Plaintiff seeks attorney's fees in the amount of $5,886.73, which represents 26.3 hours worked at a rate of $223.83 per hour. In support of this request, Plaintiff submitted an itemized statement of the time spent by Plaintiff's attorneys in the proceedings before this Court, as well as evidence supporting the hourly rate charged. Defendant does not contest the total fee request, the hourly rate, or the number of hours itemized in the statement provided by Plaintiff's attorney.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Upon review of Plaintiff's motion and Defendant's response, the Court finds the agreed-upon attorney's fees reasonable.

Plaintiff has signed an affidavit assigning his interest in an EAJA fee award to her attorney, and Plaintiff requests that the EAJA fee award be made payable to her attorney. However, as Defendant points out, in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), an award of attorney's fees under the EAJA belongs to Plaintiff and is "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Award of Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded EAJA attorney's fees in the amount of $5,886.73, subject to offset for any pre-existing debt Plaintiff owes to the United States. After determining whether Plaintiff owes any debt to the United States that is subject to offset, Defendant is directed to pay the EAJA fees directly to Plaintiff's attorney.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of May, 2022.